**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID HOPPER,<br><br>    Plaintiff,<br><br>    v.<br><br>LANDER COUNTY SHERIFF et al.,<br><br>    Defendants.<br>_____ | 3:14-cv-191-RCJ-VPC<br><br>**ORDER** |

      This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On May 28, 2014, this Court issued an order directing Plaintiff to pay an initial installment of the filing fee in the amount of $11.01 within thirty days of that order. (ECF No. 3 at 7). The Court stated that failure to comply with that order would result in dismissal of the action. (*Id.*). On June 23, 2014, this Court received a letter from Plaintiff stating that he was providing payment for this case. (ECF No. 6 at 1). However, the Clerk of the Court noted that there was no check or payment enclosed. (*Id.*). On June 25, 2014, Magistrate Judge Cooke entered an order granting Plaintiff thirty days from the date of that order to pay the initial installment of the filing fee as outlined in this Court's screening order. (ECF No. 7 at 1). Magistrate Judge Cooke ordered Plaintiff to comply with the payment instructions outlined in the screening order. (*Id.* at 2). The thirty-day period has now expired, and Plaintiff has not paid the initial filing fee or otherwise responded to the Court's order. Defendants have filed a motion to dismiss. (ECF No. 11).

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court

1  may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure
2  to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52,
3  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963
4  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
5  amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal
6  for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of
7  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for
8  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
9  (dismissal for lack of prosecution and failure to comply with local rules).

10  In determining whether to dismiss an action for lack of prosecution, failure to obey a
11  court order, or failure to comply with local rules, the court must consider several factors: (1)
12  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
13  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
14  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d
15  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-
16  61; *Ghazali*, 46 F.3d at 53.

17  In the instant case, the Court finds that the first two factors, the public's interest in
18  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh
19  in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of
20  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
21  filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542
22  F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases
23  on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.
24  Finally, a court's warning to a party that his failure to obey the court's order will result in
25  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
26  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring
27  Plaintiff to pay the initial installment fee within thirty days expressly stated: "Failure to comply
28  with this order may result in dismissal of this action." (ECF No. 3 at 7). Thus, Plaintiff had

2

1  adequate warning that dismissal would result from his noncompliance with the Court's order
2  to pay the initial installment filing fee within thirty days.
3       It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's
4  failure to pay the initial installment filing fee in compliance with this Court's May 28, 2014, and
5  June 25, 2014, orders.
6       It is further ordered that the motion to dismiss (ECF No. 11) is denied as moot.
7       It is further ordered that the Clerk of Court shall enter judgment accordingly.

     Dated this 1st day of August, 2014.

                                    _____
                                    United States District Judge